IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GARY SIPPLE and ANNETTE SIPPLE,

*Plaintiffs*,

v.

WILLAM H. MEYER et al.,

*Defendants*.

Case No. 23-4108-EFM

**MEMORANDUM AND ORDER**

Before the Court is pro se Plaintiffs Gary and Annette Sipple's Motion for Default Judgment (Doc. 24). Plaintiffs, challenging a foreclosure judgment, bring this civil rights action under 42 U.S.C. § 1983 and various state law claims against Defendants William Meyer, SouthLaw L.L.C. P.C., and Jared Muir, among others. Defendants Meyer and SouthLaw moved to dismiss Plaintiffs' Complaint on December 6, 2023. After the Clerk granted Defendant Muir an extension, he moved to dismiss on December 14, 2023. Plaintiffs filed this Motion for Default Judgment on December 11, 2023, arguing that Defendants did not timely respond to the Complaint.

Rule 55 of the Federal Rules of Civil Procedure governs motions for default judgment.[1] Obtaining default judgment under Rule 55 is a two-step process.[2] First, the party seeking default must apply to the Clerk for an Entry of Default under Rule 55(a), which requires the movant to prove, by affidavit or otherwise, that the opposing party has failed to plead or otherwise defend

---

[1] Fed. R. Civ. P. 55(a).

[2] *Meyers v. Pfizer, Inc.*, 581 F. App'x 708, 710 (10th Cir. 2014) (citing Fed. R. Civ. P. 55(a)–(b)).

against judgment for affirmative relief. This is accomplished by filing an Application for Clerk's Entry of Default, attaching proof of failure to plead, and submitting the proposed order to the chambers email account in Word format. After the Clerk enters default, the movant may then file for an Entry of Default Judgment under Rule 55(b) by applying to the Court.

Plaintiffs have not properly completed the first step of this process; instead, they skipped directly to petitioning the Court for default judgment. This is reason enough to deny Plaintiffs' Motion. But even if Plaintiffs had properly completed this step, Defendants are not currently in default. Default may be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."[3] Ordinarily, when a complaint is filed, a defendant must serve an answer within 21 days of service or within 60 days if service is timely waived.[4] In lieu of an answer, a defendant may file a motion to dismiss under Rule 12(b). Under Rule 12(a)(4), if a Rule 12(b) motion is filed, then the answer due date is altered. In that case, a defendant's answer becomes due 14 days after notice of either the court's denial of the motion or the court's postponement of disposition of the motion until trial.[5]

Defendants Meyer and SouthLaw had until December 7, 2023, to file an answer or other responsive pleading (Doc. 10). On December 6, 2023, Defendants Meyer and SouthLaw timely filed a Rule 12(b)(6) Motion to Dismiss (Doc. 17). Defendant Muir had until December 5, 2023, to file an answer or other responsive pleading (Doc. 9). However, on December 5, 2023, the Clerk granted Defendant Muir's request for a 14-day extension, establishing his new deadline to file an

---

[3] Fed. R. Civ. P. 55(a).

[4] Fed. R. Civ. P. 12(a)(1)(A)(i)–(ii).

[5] Fed. R. Civ. P. 12(a)(4)(A).

answer or other responsive pleading as December 19, 2023 (Doc. 16). Defendant Muir filed a Rule 12(b)(6) Motion to Dismiss on December 14, 2023 (Doc. 26).

The Court has not yet resolved any of the Defendants' Motions, so an answer is not yet due. Therefore, Defendants are not in default, and Plaintiffs' Motion is denied.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Default Judgment (Doc. 24) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 18th day of December, 2023.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE