IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GARY SIPPLE and ANNETTE SIPPLE,

*Plaintiffs*,

v.

WILLAM H. MEYER et al.,

*Defendants*.

Case No. 5:23-CV-4108-EFM-RES

**MEMORANDUM AND ORDER**

Defendants ask this Court to dismiss a complaint brought by pro se Plaintiffs Gary and Annette Sipple. Defendants Ken Clark, Jeffery Records, and Greg Schaefer (collectively, the "Bank Officers") ask this Court do dismiss Plaintiffs' Complaint for lack of personal jurisdiction (Doc. 22). Defendants William Meyer and Southlaw, P.C. (collectively, the "Bank's Lawyers") and Defendant Brian Hill ask this Court to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction. Lastly, Defendants MidFirst Bank and Midland Mortgage, a division of MidFirst Bank, (collectively, the "Bank") ask this Court to dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted. For the reasons stated below, the Court grants all Defendants' motions and places a limited filing restriction on Plaintiffs.

**I.     Factual and Procedural Background**

This case is Plaintiffs' third federal court challenge to the District Court of Shawnee County's foreclosure judgment entered against them in a case filed by the Bank's Lawyers in March 2022 on behalf of their client, the Bank. The Bank's Lawyers filed the state lawsuit because

Plaintiffs failed to make mortgage loan payments since 2019. The state court entered summary judgment against Plaintiffs in January 2023. Soon after the state court judgment was entered, Plaintiffs filed a Notice of Removal to this Court, in which Plaintiffs made claims against the Bank, the Bank's Lawyers, and the state court judges.[1] The Bank moved to remand. In April 2023, the Court remanded the case, noting that Plaintiffs' removal was improper because it was filed after the state court had entered summary judgment against them.

In May 2023, Plaintiffs filed another lawsuit contesting the foreclosure.[2] In July, Judge Teeter dismissed Plaintiffs' complaint, noting the blatant lack of subject matter jurisdiction and warning Plaintiffs against further frivolous litigation invoking federal jurisdiction under similar circumstances.

Yet, on November 13, 2023, Plaintiffs filed this suit, reiterating the same or similar arguments against the same or similar defendants. As before, although Plaintiffs title this complaint "42 U.S.C. 1983 Complaint," § 1983 is never mentioned in the body of the complaint. Plaintiffs make passing references to other federal statutes and constitutional provisions but fail to explain how any of them apply in this case. The counts Plaintiffs explicitly identify include: (1) breach of fiduciary duties; (2) jurisdiction; (3) breach of trust; (4) promissory note fraud; (5) violation of U.C.C. laws; (6) estate embezzlement; and (7) cancellation of debt by involuntary conversion into income. Each of these are either state-law claims, criminal statutes, or requests for relief.

Plaintiffs seek $20 million in monetary relief. Additionally, Plaintiffs seek declaratory relief, essentially asking this Court to overturn the state court's judgment by returning to them their

---

[1] D. Kan. Case No. 5:23-CV-04013-EFM-RES.

[2] D. Kan. Case No. 5:23-CV-04038-HLT-RES.

paid mortgage payments, nullifying their remaining mortgage payments, and estopping the Bank from encumbering and foreclosing on their property.

Between December 6 and 12, 2023, Defendants filed various motions to dismiss, claiming, among other things, lack of personal jurisdiction, lack of subject matter jurisdiction, and failure to state a claim. On December 19, 2023, Plaintiffs filed a Response but did not substantively respond to most of Defendants' arguments. Defendants replied on December 21, 2023. Defendants' motions are now ripe for ruling.

## II.   Legal Standards

### A.   Pro Se Litigants

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[3] Pro se litigants are entitled to a liberal construction of their pleadings.[4] If a court can reasonably read a pro se complaint in such a way that it could state a claim on which it could prevail, it should do so despite "failure to cite proper legal authority . . . confusion of various legal theories . . . or [plaintiff's] unfamiliarity with pleading requirements."[5] As it relates to motions to dismiss generally, the court "accept[s] the well-pleaded allegations of the complaint as true and construe[s] them in the light most favorable to the plaintiff."[6] "Well-pleaded" allegations are those that are facially plausible such that "the court [can] draw the reasonable inference[s] that the defendant is liable for the misconduct alleged."[7] However, it is not the proper role of a district

---

[3] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[4] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because Mr. Trackwell appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[5] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[6] *Ramirez v. Dep't of Corr., Colo.*, 222 F.3d 1238, 1240 (10th Cir. 2000).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

court to "assume the role of advocate for the pro se litigant."[8] Indeed, a pro se complaint may be dismissed if "it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[9]

**B.      Motion to Dismiss Under Rule 12(b)(2)**

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move for dismissal of any claim in which there is no personal jurisdiction.[10] A plaintiff opposing a motion to dismiss based on a lack of personal jurisdiction bears the burden of showing that jurisdiction over the defendant is appropriate.[11] A plaintiff must make a prima facie showing that personal jurisdiction is proper to avoid dismissal.[12] Once the plaintiff makes a prima facie showing, the defendant "must present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'"[13] The plaintiff must support its jurisdictional allegations in a "complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading."[14]

**C.      Motion to Dismiss Under Rule 12(b)(1)**

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a claim for lack of subject matter jurisdiction.[15] Federal courts are courts of limited jurisdiction, and a

---

[8] *Id.*

[9] *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999) (citing *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997)).

[10] Fed. R. Civ. P. 12(b)(2).

[11] *Thermal Components Co. v. Griffith*, 98 F. Supp. 2d 1224, 1227 (D. Kan. 2000) (citing *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 456 (10th Cir. 1996)).

[12] *Id.*

[13] *Id.* at 1227 (quoting *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998)).

[14] *Id.* at 1508 (quoting *Pytlik v. Pro. Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989)).

[15] Fed. R. Civ. P. 12(b)(1).

presumption exists against exercising jurisdiction over a case.[16] The party asserting jurisdiction bears the burden of establishing its existence.[17] Thus, the Court may exercise jurisdiction only when specifically authorized to do so and must dismiss a claim if it becomes apparent at any stage of the proceedings that it lacks jurisdiction.[18] The party asserting jurisdiction has the burden of establishing subject matter jurisdiction.[19]

Generally, a Rule 12(b)(1) motion to dismiss takes one of two forms: a facial attack or a factual attack.[20] In a factual attack, the moving party does not attack the sufficiency of the complaint but asserts that the Court lacks subject matter jurisdiction based on facts outside of the pleadings.[21] In that instance, "a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends."[22] When reviewing a factual attack, the Court "may not presume the truthfulness of the complaint's factual allegations."[23] Rather, the Court has "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)" without needing to convert the motion to summary judgment.[24]

---

[16] *See In re Syngenta AG MIR 162 Corn Litig.*, 61 F.4th 1126, 1170 (10th Cir. 2023) (citations omitted).

[17] *Id.*

[18] *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 906 F.3d 926, 931 (10th Cir. 2018).

[19] *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir.2008).

[20] *Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995).

[21] *Id.* at 1003.

[22] *Id.*

[23] *Id.*

[24] *Id.*

**D.**     **Motion to Dismiss Under Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[25] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[26] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[27] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well the grounds on which each claim rests.[28] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[29] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[30] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[31]

---

[25] Fed. R. Civ. P. 12(b)(6).

[26] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[27] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[28] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[29] *Iqbal*, 556 U.S. at 678–79.

[30] *See id.* ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (citation omitted)).

[31] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

### III.     Analysis

**A.     Defendant Bank Officers' Motion to Dismiss for Lack of Personal Jurisdiction**

Defendant Bank Officers move to dismiss Plaintiffs' claims asserting that the Court does not have personal jurisdiction over them. Personal jurisdiction may either be general or specific.[32] A court has general jurisdiction when the defendant's "affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State."[33] Specific jurisdiction, by contrast, is "jurisdiction specific to this dispute."[34] To determine whether specific jurisdiction exists, the court must ask "(1) whether the defendant purposefully directed its activities at residents of the forum state; (2) whether the plaintiff's injury arose from those purposefully directed activities; and (3) whether exercising jurisdiction would offend traditional notions of fair play and substantial justice."[35]

Here, the Bank Officers are named only twice in the Complaint: once in the case caption, and once under the "Parties" heading followed by their job titles. Other than that, the Complaint is silent as to any personal jurisdiction allegations. Specifically, Plaintiffs fail to allege that the Bank Officers have any minimum contacts with Kansas. Rather, the Bank Officers are clearly "at home" in Oklahoma. Thus, the Court has no general personal jurisdiction over the Bank Officers. Similarly, Plaintiffs fail to allege that the Bank Officers purposefully directed activities at the Plaintiffs in Kansas, the forum state. Without such information, Plaintiffs have failed to meet their burden of making a prima facie showing that personal jurisdiction over Defendants is appropriate.

---

[32] *Old Republic Ins. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017).

[33] *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014) (internal quotations, citation, and alteration omitted).

[34] *Newsome v. Gallacher*, 722 F.3d 1257, 1264 (10th Cir. 2013).

[35] *Id.*

As such, the Court must conclude that it has no general or specific personal jurisdiction over Defendant Bank Officers and accordingly grants their Motion to Dismiss.

**B.     Defendants Hill, Bank's Lawyers, and Bank's Motion to Dismiss for Lack of Subject Matter Jurisdiction**

There are two grounds for establishing subject matter jurisdiction: federal question jurisdiction and diversity of the parties with a minimum amount in controversy. Plaintiffs fail to establish federal question jurisdiction over all defendants and fail to establish diversity jurisdiction over Defendant Hill and Defendant Bank's Lawyers.

*1.     The Court has no federal question subject matter jurisdiction in this case.*

Defendants allege that the Court has no federal question jurisdiction. Plaintiffs make passing references to 42 U.S.C. § 1983, the Truth in Lending Act, Due Process, the Sixth Amendment, and 15 U.S.C. 1 but do not elaborate beyond that. As Judge Teeter stated the last time Plaintiffs brought these and similar claims in federal court:

> [T]he complaint only mentions the federal statutes in passing. . . . Listing statutes without more is insufficient to invoke federal question jurisdiction. The question is whether the federal claims Plaintiffs allege are colorable or whether they are "wholly insubstantial and frivolous." They are not colorable. The Court has no difficulty determining they are "wholly insubstantial and frivolous" as pleaded. Plaintiffs are simply trying to repackage their state law foreclosure-related claims as federal claims to escape the impact of state-court decisions. This is not a valid entryway to federal court.[36]

This Court wholly agrees.

The only other federal statute Plaintiffs cite is 18 U.S.C. § 153, embezzlement against estate. But this is a criminal statute. As was the case before Judge Teeter, "Plaintiffs have not explained how they have standing to enforce criminal statutes as private persons. Allegations of

---

[36] *Sipple v. Zevita*, 2023 U.S. Dist. LEXIS 127333, at *11-12 (D. Kan. July 24, 2023) (internal citations omitted).

violations of federal criminal statutes again are wholly insubstantial and frivolous."[37] As such, the Court has no federal question subject matter jurisdiction over Plaintiffs' claims.

 2. *The Court has no diversity subject matter jurisdiction over Defendant Bank's Lawyers and Defendant Hill.*

Defendants allege that the Court has no diversity jurisdiction over this case. Plaintiffs seek $20 million, which is more than sufficient to satisfy the required amount in controversy. They also assert that the parties have diversity of citizenship. Once again, however, Plaintiffs' claim of diversity is disingenuous.

When characterizing their own domicile, Plaintiffs utilize sovereign-citizen rhetoric stating that they are "law abiding Nationals of the United States of America, non citizen [sic] of the United States Native Kansan Moors, with no minimum contacts no substantial nexus with the state of Kansas, or it's [sic] Agents, foreign or otherwise." But the property at issue has an address in Topeka, Kansas. Moreover, Plaintiffs listed their county of residence on the Civil Cover Sheet as Shawnee County, Kansas. Thus, the Court concludes that Plaintiffs are citizens of Kansas.

Even though Plaintiffs list "OKC" as Defendant Hill's and Defendant Bank's Lawyers' county of residence on the Civil Cover Sheet, all indications in the record show that these Defendants are, indeed, citizens of Kansas. Defendant Hill is a sheriff for the state of Kansas. Defendant Meyer is an acting attorney in the state of Kansas. Defendant Southlaw P.C. is a corporate law firm doing business in Kansas. As such, Plaintiffs fail to establish that this Court has diversity jurisdiction over Defendant Hill and Defendant Bank's Lawyers in this case.

---

[37] *Id.* at *13 (internal citation omitted).

Accordingly, without federal question jurisdiction or diversity jurisdiction over Defendant Hill or Defendant Bank's Lawyers, the Court grants both Defendants' respective Motions to Dismiss for lack of subject matter jurisdiction.

3. *The Court has diversity subject matter jurisdiction over Defendant Bank.*

Defendant Bank asks this Court to dismiss Plaintiffs' claims against it for lack of subject matter jurisdiction. As previously stated, Plaintiffs' allegations well-surpass the minimum amount in controversy. Thus, the only remaining question is whether Defendant Bank is completely diverse from Plaintiffs. This time, Plaintiffs allege that Defendant Bank is "a corporation in Oklahoma." Because the Court has already established that Plaintiffs are citizens of Kansas, complete diversity exists between Plaintiffs and Defendant Bank. As such, the Court will next address Defendant Bank's alternative reason to dismiss: Plaintiffs fail to state a plausible claim under Rule 12(b)(6).

**C.     Defendant Bank's Motion to Dismiss for Failure to State a Claim**

Defendant Bank asks this Court to dismiss because Plaintiffs fail to state a claim upon which relief can be granted. Defendant Bank argues that Plaintiffs' claims are implausible because they are barred by the doctrine of res judicata, or claim preclusion. Although general claim preclusion is certainly a defense that Defendants may assert, the more precise defense would be the Rooker-Feldman doctrine. Generally, courts will not "consider arguments that are not raised, or are inadequately presented."[38] However, because the Rooker-Feldman doctrine raises a

---

[38] *Harper v. Arrow Elecs.*, 2021 U.S. App. LEXIS 37798, at *7 (10th Cir. Dec. 21, 2021).

jurisdictional question,[39] and courts have "an independent obligation to raise jurisdictional issues sua sponte,"[40] the Court finds it appropriate to analyze Plaintiffs' claims through this lens.

"The Rooker-Feldman doctrine prevents lower federal courts from exercising jurisdiction over cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[41] Simply put, a party cannot attempt to appeal an unfavorable state-court decision to a lower federal court.[42] The Rooker-Feldman doctrine applies if the following elements are met: "(1) the plaintiff lost in state court, (2) the state court judgment caused the plaintiff's injuries, (3) the state court rendered judgment before the plaintiff filed the federal claim, and (4) the plaintiff is asking the district court to review and reject the state court judgment."[43]

Here, Plaintiffs lost in the state court foreclosure proceeding against Defendant Bank; Plaintiffs claim that their loss caused their present injuries; the state court rendered its judgment on January 12, 2023; Plaintiffs filed their Complaint in this Court on November 13, 2023; and Plaintiffs seek "declaratory relief," asking this Court to declare "null and void" the state court's judgment. Accordingly, Plaintiffs' claims violate the Rooker-Feldman doctrine. As such, this Court lacks subject matter jurisdiction and dismisses Plaintiffs' claims against Defendant Bank.

---

[39] *Bruce v. City & Cnty. of Denver*, 57 F.4th 738, 746 (10th Cir. 2023).

[40] *Bey v. Harper*, 2023 U.S. Dist. LEXIS 134432, at *5-6 (D. Kan. Aug. 2, 2023); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

[41] *Bruce*, 57 F.4th at 746.

[42] *Lance v. Dennis*, 546 U.S. 459, 466 (2006).

[43] *Bruce*, 57 F.4th at 746.

**D.      Defendants' Request for Filing Restrictions**

Defendants ask the Court to impose filing restrictions to prevent Plaintiffs from filing any further lawsuits against any defendant, or those in privity with defendants, that in anyway relate to the state court foreclosure action without first obtaining the Court's permission. In *Sipple v. Zevita*,[44] Defendants made the same request. At that time, Judge Teeter denied Defendants' request for filing restrictions.[45] However, Judge Teeter cautioned Plaintiffs about their litigation tactics stating:

> Sovereign-citizen theories do not relieve Plaintiffs of the obligation to comply with the law. Their allegations against Defendants have been adjudicated, and Plaintiffs were not victorious. Continued attempts to relitigate this dispute in federal court without a non-frivolous jurisdictional argument may result in the imposition of sanctions, including monetary sanctions, an award of attorney's fees, or filing restrictions. Plaintiffs, of course, are free to appeal this Court's decision, and the Court's warning should not be construed as discouraging use of the appellate process.[46]

It is clear to this Court that Plaintiffs have ignored Judge Teeter's warning. Although the Court is mindful of Plaintiffs' pro se status, Plaintiffs identify no facts that suggest a jurisdictional basis for this case. Instead, it seems as though the crux of Plaintiffs' arguments stem from general dissatisfaction with the state-court foreclosure proceeding and is designed to harass those involved in the process. As such, the Court grants Defendants' request for filing restrictions.

**IT IS THEREFORE ORDERED** that Defendants Ken Clark, Jeffery Records, and Greg Schaefer's Motion to Dismiss (Doc. 22) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Brian Hill's Motion to Dismiss (Doc. 25) is **GRANTED**.

---

[44] 2023 U.S. Dist. LEXIS 127333 (D. Kan. July 24, 2023).

[45] *Id.* at *15

[46] *Id.* at *15–16.

**IT IS FURTHER ORDERED** that Defendants William Meyer and Southlaw, P.C.'s Motion to Dismiss (Doc. 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Midfirst Bank and Midland Mortgage's Motion to Dismiss (Doc. 21) is **GRANTED**.

**IT IS FURTHER ORDERED** that if Plaintiffs Gary Sipple or Annette Sipple wish to submit future filings that relate in any way to the state court foreclosure lawsuit, involve any party to state court foreclosure lawsuit (including those in privity with such parties), or concern any defendant in this case or D. Kan. Case No. 23-4038-HLT-RES, they must comply with the following injunction:

1. With the exception of an objection to this Order, the Clerk shall not accept or file any pro se submissions, motions, filings, pleadings, or other documents from Plaintiffs, without the express authorization of a judge of this Court.

2. Plaintiffs shall mail or otherwise deliver their submissions to the Clerk of the Court, who shall forward them to a judge of this Court for determination of whether their motions or other filings are lacking in merit, duplicative, frivolous, or malicious. The Court will either allow the filing or issue an Order denying it.

Failure to follow these procedures will result in summary rejection of the proposed filing. Plaintiffs may file objections in writing to the Court's Order issuing the above filing restrictions by no later than 14 days after receipt of this Order. If Plaintiffs file no objections by that date, the restrictions will be effective without further order of the Court.

Plaintiffs, of course, are free to appeal this Court's decision, and nothing in this order should be construed as discouraging use of the appellate process.

**IT IS SO ORDERED.**

Dated this 2nd day of April, 2024.

This case is closed. Accordingly, all other pending motions in this case are moot.

*Eric F. Melgren*
ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE